REVERE & ASSOCIATES
A Limited Liability Law Company

TERRANCE M. REVERE          5857
PAUL V.K. SMITH             5891
Pali Palms Plaza
970 N. Kalaheo Ave., Suite A301
Kailua, Hawaii 96734
Tel. No. (808) 791-9550
Facsimile No. (808) 791-9551
*terry@revereandassociates.com*
*paul@revereandassociates.com*

Attorneys for Plaintiff
ANITA K. LORINC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANITA K. LORINC, | Civil No.: _____ |
|---|---|
| Plaintiff, | (Other Non-Vehicle Tort) |
| vs. | COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |
| CITY AND COUNTY OF HONOLULU; SUSAN BALLARD; OFFICER E. CASTRO; DOE DEFENDANTS 1-10; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff ANITA K. LORINC, by and through her undersigned attorneys, Revere & Associates, LLLC, hereby avers and complains as follows:

## PARTIES AND JURISDICTION

1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. The Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

2. The Court also has jurisdiction under 28 U.S.C. § 1331.

3. At all times relevant herein, Plaintiff ANITA K. LORINC is a citizen and resident of the City of Honolulu, State of Hawaii, and the United States of America.

4. At all times relevant herein, Defendant City of City and County of Honolulu ("Defendant City") is a Municipal Corporation, organized under the laws of the State of Hawaii.

5. At all times relevant herein, Defendant SUSAN BALLARD ("Chief Ballard" or "Defendant Ballard") was Chief of Police for the City and County of Honolulu.

6. At all times relevant herein, Defendant OFFICER E. CASTRO ("Officer Castro") was a police officer employed by the Honolulu Police Department, District Patrol Division, in the City and County of Honolulu.

7. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, and Doe Corporations 1-10 (collectively referred to as the "Doe Defendants") are persons or entities that are, among other things, liable for the injuries or damages caused to the Plaintiff and/or were in some manner related to the aforementioned Defendants and their true names, identities, capacities, activities, and/or responsibilities are presently unknown to the Plaintiff or her attorneys. Plaintiff has undertaken a good-faith effort to identify the Doe Defendants, including reviewing government records and reports, internet search and review of available records of the Plaintiff, but has been unable to identify the true names and identities of said Doe Defendants.

8. Plaintiff sues each and all Defendants (except Defendant City) in both their individual and official capacities.

9. At all times material to this Complaint, Defendants Chief Ballard and Officer Castro acted under color of the statutes, customs, ordinances, and usage of the City and County of Honolulu, State of Hawaii, and Honolulu Police Department.

## COUNT I

10. On or about May 1, 2020, at approximately 12:00 p.m., Plaintiff was peaceably participating in a demonstration at the State Capitol on Beretania Street, Honolulu, Hawaii.

3

11. Officer Castro forcibly grabbed the Plaintiff, told Plaintiff she was under arrest, and refused to tell Plaintiff why she was under arrest.

12. At no time did Plaintiff attempt to resist arrest by or acted in a violent manner toward Officer Castro.

13. Officer Castro removed Plaintiff from the demonstration without provocation, need, or explanation by dragging Plaintiff from the street, and transported her to the Honolulu Police Station located at 801 S. Beretania Street, Honolulu, Hawaii.

14. While at the Honolulu Police Station, various Doe Defendants kicked, assaulted, choked, threatened and beat the Plaintiff, Plaintiff then being in close custody, unarmed, and unable to resist Defendants; Defendants also refused to provide water to the Plaintiff who was dehydrated.

15. As a result of the assault by Defendants, Plaintiff suffered heat stroke, bruising about the neck and jaw, abrasions, contusions, and severe emotional distress and/or metal anguish. As a further result of said injuries, Plaintiff is unable to perform her normal daily functions and tasks.

16. As a result of their concerted unlawful and malicious physical abuse of Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of her right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth and

Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

## COUNT II

17. Plaintiff realleges paragraphs 1-16, as though fully set forth herein.

18. There was no warrant for the arrest of Plaintiff on May 1, 2020. The arrest of Plaintiff by Defendants, as stated in paragraph 2 above, was without reasonable grounds for said Defendants to believe Plaintiff had committed an offense and Defendants knew they were without probable cause to arrest Plaintiff but targeted her based on her lawful protest against the unlawful actions of various officers of the Hawaii Police Department exposed by Plaintiff.

19. Neither at the time of the arrest, as stated in paragraph 2 above, nor at any other time was Plaintiff informed of the grounds for said arrest. No complaint, information, or indictment was ever sworn against Plaintiff alleging offenses occurring prior to the moment Defendant Officer Castro announced to Plaintiff that she was under arrest; nor would the Honolulu Police Department provide the Plaintiff with a police report of her arrest or custody.

20. Plaintiff was transported to the Main Police Station, as stated in paragraph 4, where she was incarcerated for several hours and was not allowed water or to post bond or released until later on the evening of May 1, 2020.

21. As a result of their concerted unlawful and malicious arrest of Plaintiff, Defendants deprived Plaintiff of her liberty without due process of law

and deprived her of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, and cruelly withheld water and medical treatment of the Plaintiff.

22. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of her liberty without due process of law and deprived her of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

## COUNT III

23. Plaintiff realleges paragraphs 1-22 and hereby incorporates them in this Count as though fully set forth herein.

24. At all times relevant to this Complaint, Defendants Castro and other officers to be identified, as police officers of the Honolulu Police Department, were acting under the direction and control of Chief Ballard and Defendant City and County of Honolulu.

25. Acting under color of law and pursuant to official policy or custom, Defendant Ballard and City and County of Honolulu knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant police officers in their duties to refrain from: (1) unlawfully and maliciously harassing a citizen who

was acting in accordance with her constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges and immunities; (3) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful; (4) conspiring to violate the rights and privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Hawaii; and (5) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

26. Defendants Chief Ballard and City and County of Honolulu had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Chief Ballard and City and County of Honolulu had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed or refused to do so.

27. Defendants Chief Ballard and City and County of Honolulu, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate,

malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

28. As a direct and proximate cause of the acts of Defendants Chief Ballard and City and County of Honolulu as set forth above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants on behalf of herself, jointly and severally, as follows:

A. For Judgment in her favor on each and every Count as alleged and against the Defendants in the type of relief or amount of damages set forth therein or for such amounts as may be proven at trial;

B. General, special, treble, and consequential damages in an amount to be proven at trial;

C. Compensatory damages, and punitive damages;

D. A declaratory judgment that the policies, practices and acts complained of herein are illegal and unconstitutional;

E. A permanent injunction enjoining said defendants from engaging in the practice of arresting individuals without probable cause and/or justification; and

F.      For such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, April 28, 2022.

/s/ Paul V.K. Smith
TERRANCE M. REVERE
PAUL V.K. SMITH
Attorneys for Plaintiff
ANITA K. LORINC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANITA K. LORINC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF HONOLULU; SUSAN BALLARD; OFFICER E. CASTRO; DOE DEFENDANTS 1-10; DOE PARTNERSHIPS 1-10; and DOE CORPORATIONS 1-10,<br><br>　　　　Defendants. | Civil No.: _____<br>(Other Non-Vehicle Tort)<br><br>DEMAND FOR JURY TRIAL |

## **DEMAND FOR JURY TRIAL**

　　Plaintiff ANITA K. LORINC hereby demands trial by jury on all matters and/or issues allowable and raised herein.

　　DATED: Honolulu, Hawaii, April 28, 2022.

　　　　　　　　　　　　　　　　　　/s/ Paul V.K. Smith
　　　　　　　　　　　　　　　　　　TERRANCE M. REVERE
　　　　　　　　　　　　　　　　　　PAUL V.K. SMITH
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　ANITA K. LORINC